# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH L. CARTER | ) Civil Action No. 3:22 CV 5901 |
| Plaintiff, | ) |
| v. | ) |
| GRAPHIC PACKAGING INTERNATIONAL, LLC. | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff KENNETH L. CARTER, through his attorney, G. Gregory Green, for his Complaint in the captioned action, hereby states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff KENNETH L. CARTER is a citizen and resident of the Parish of Ouachita, State of Louisiana.

2. Defendant GRAPHIC PACKAGING INTERNATIONAL, LLC.(hereinafter referred to as GRAPHIC ), is a foreign corporation authorized to transact

business in the State of Louisiana.

3. Defendant GRAPHIC administers a retirement plan known as th Riverwood International Hourly Retirement Plan(the "Plan"), which is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1001 to 1461. The Plan is sponsored by GRAPHIC for the benefit of certain employees of RIVERWOOD INTERNATIONAL(hereinafter referred to as RIVERWOOD) at their plant located in West Monroe, Louisiana. Graphic Packaging International Retirement Committee is the administrator of the Plan.

4. GRAPHIC provides retirement benefits under the Plan, and is authorized and required to determine claims for retirement benefits under the Plan.

5. Because this action arises under ERISA, this court has original subject matter jurisdiction pursuant to 29 U.S.C.A. § 1132(e) and 28 U.S.C.A. § 1331.

6. Venue is proper in this District because certain breaches of the Plan, as set forth below, took place in this District, because Plan benefits were denied to Plaintiff, and because Plaintiff applied for and was denied Plan benefits in this District.

7. At all times pertinent hereto, Plaintiff was employed by RIVERWOOD or entitled to coverage under the plan in question. Throughout his 41 year term of employment, Plaintiff was a participant in the Plan.

8. Plaintiff has never received benefits under the Plan despite having applied for the same. The benefits plaintiff is entitled to are $1,054.62 per month, beginning August 1, 2019.

9. Plaintiff was informed by GRAPHIC that his benefits were being calculated differently, and were being calculated improperly under the Plan, despite plaintiff having provided proof of his entitlement to benefits per his calculation under the relevant collective bargaining agreements, and further, under said agreements as interpreted through arbitration.

10. Plaintiff has received none of his justly due retirement benefits, and in fact, was informed that an application bound him to accept the erroneous calculations made by the Plan and its administrators at the inception of his

claim for benefits.

11. Plaintiff has appealed these determinations by letter. The basis of the denial was as follows:

(a) GRAPHIC asserted that Plaintiff was entitled to $ 818.19 per month under the Plan under the most recent denial, but asserted claimant was entitled to other larger amounts in earlier calculations.

(b) GRAPHIC asserted that Plaintiff had still not applied for benefits, despite claimant having done so via letter in response to counsel for GRAPHIC's representation that this would serve as an adequate application.

( c ) GRAPHIC agreed to pay benefits in a lump sum from August 1, 2019, forward.

(d) GRAPHIC denied any and all claims for attorney fees and penalties for non-payment of benefits provided by the contract and GRAPHIC's representations concerning the contract as set forth in its plan summary, which provided for penalties of $ 110.00 per day to any worker who had benefits denied unjustly under the Plan.

12. Plaintiff's final administrative appeal was denied by GRAPHIC. This denial was in bad faith.

CLAIM FOR RELIEF

13. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 12 above.

14. Plaintiff has fulfilled all conditions for receipt of his justly earned retirement benefits under the Plan, and has presented such evidence to GRAPHIC.

15. GRAPHIC has wrongfully denied Plaintiff's claim for retirement benefits under the Plan. GRAPHIC has made unsupported factual conclusions, and further, has misconstrued the terms of the Plan, in reaching its determination to deny Plaintiff's claim for benefits. GRAPHIC has further arbitrarily and capriciously denied any payment of benefits under the plan,

improperly administered the plan to cut benefits payable to workers retiring under the Plan under its most reasonable interpretation and under the current status of the collective bargaining agreement and the arbitration decisions interpreting said agreement, and finally, has refused to pay plaintiff's costs and expenses incurred in his attempt to receive his justly due retirement benefits earned over his 41 year tenure with GRAPHIC.

17. GRAPHIC 's denial of Plaintiff's claim for retirement benefits and its attempt to force plaintiff to accept a lesser benefit than he is entitled to under the plan stem, at least in part, from the conflict between GRAPHIC 's fiduciary obligations to plan participants when determining claims under the Plan, and its interest in maximizing its own profitability. This conflict of interest has been demonstrated in a number of ways, including but not limited to the following:

(a) GRAPHIC has refused to make any benefit payments under the plan.

(b) GRAPHIC has refused to consider the evidence Plaintiff presented for payment of benefits at the proper rate of $ 1,054.62.

(c) On information and belief, GRAPHIC 's review of the denial of Plaintiff's claim was conducted by the same division of the company which denied Plaintiff's claim for benefits initially.

20. GRAPHIC 's denial of Plaintiff's claim for benefits is contrary to the terms of the Plan and contrary to the evidence and information submitted to GRAPHIC. GRAPHIC 's denial of Plaintiff's claim is therefore wrongful, with no basis under the collective bargaining agreements in question herein.

21. Plaintiff is entitled to receive retirement benefits under the Plan. Plaintiff is also entitled to an Order of the Court clarifying his rights under the Plan, adjudging that Plaintiff met the requirements of the Plan, and further, should be paid penalties and attorney fees under the plan, as set forth in the plan summary.

22. Plaintiff incurred, and continues to incur, attorneys' fees, costs and expenses in bringing and prosecuting this action. Plaintiff is entitled to an award of attorneys' fees, costs and expenses under 29 U.S.C.A. § 1132(g).
WHEREFORE, Plaintiff prays that the Court enter judgment in his favor, and against Defendants, as follows:

(a) By entering judgment requiring GRAPHIC to pay Plaintiff all benefits due under the Plan, commencing with the first day such benefits were due and continuing through the date of judgment;

(b) By entering judgment clarifying that Plaintiff has fulfilled all terms and conditions of the Plan for receipt of benefits, and that Plaintiff is entitled to continue to receive benefit in the absence of evidence supporting the conclusion that Plaintiff's condition has changed such that Plaintiff is no longer totally disabled;

(c) By awarding to Plaintiff his attorneys' fees, costs and expenses as provided under 29 U.S.C.A. § 1132(g); and

(d) By awarding such other and further relief as is just and proper.

DATED this 07 day of November, 2022.

Respectfully submitted,
s/G. G. Green
G. GREGORY GREEN
409 BRES AVENUE
MONROE, LA. 71201
Phone: 1-(318)-322-4477
Fax: 1-(318)-322-4478
E-mail: lawofficegggreen@aol.com
ATTORNEY FOR PLAINTIFF
KENNETH L. CARTER