UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KENNETH L. CARTER** | **CASE NO. 3:22-CV-05901** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **GRAPHIC PACKAGING INTERNATIONAL L.L.C.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT & RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, are two motions: (1) a motion to dismiss for failure to state a claim [doc. #3], filed by Defendant Graphic Packaging International, LLC ("Graphic"); and (2) a second motion to dismiss for failure to state a claim [doc. #14], also filed by Graphic. The motions are opposed. [doc. #16]. For reasons assigned below, it is recommended that Graphic's second motion to dismiss for failure to state a claim [doc. #14] be GRANTED and Carter's claims against it be DISMISSED WITH PREJUDICE. It is further recommended that Graphic's first motion to dismiss for failure to state a claim [doc. #3], be DENIED AS MOOT.

### Background

On November 8, 2022, Plaintiff Kenneth L. Carter ("Carter") filed his complaint for unpaid retirement benefits against Graphic. [doc. #1]. Carter alleges that Graphic administers the Riverwood International Hourly Retirement Plan (the "Plan"), which is an employee welfare benefit plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 to 1461. *Id.* at 1. Carter was employed by Riverwood International ("Riverwood") for 41 years, entitling him to coverage under the Plan. *Id.* at 1–2. Carter alleges that he never received Plan benefits, which he says entitle him to $1,054.62 per month, beginning August 1, 2019. *Id.* Graphic

made a different determination as to his benefits under the Plan, which Carter appealed. *Id.* at 2–3. Graphic denied his appeals. *Id.* at 3. Carter alleges that Graphic found that he had not applied for benefits but agreed to pay benefits in a lump sum from August 1, 2019, onwards. *Id.* Graphic also denied any claims for attorney's fees and penalties for non-payment. *Id.* Carter's "final administrative appeal" was denied by Graphic. *Id.*

Carter seeks "an order of the Court clarifying his rights under the Plan, adjudging that Plaintiff met the requirements of the Plan, and further, should be paid penalties and attorney fees under plan, as set forth in the plan summary." [doc. #13, p. 5]. Alternatively, Carter seeks "relief for the conversion of his justly earned retirement benefits due to Graphic's refusal to pay, for negligence in the administration of the Plan . . . and for breach of the collective bargaining agreement that provided the retirement benefits under the Plan." *Id.* at 3.

In sum, Carter asks the Court to: (1) enter judgment requiring Graphic to pay him all benefits due under the Plan, (2) clarify that Plaintiff fulfilled all terms and conditions of the Plan for receipt of benefit, (3) clarify that Plaintiff is entitled to continue to receive benefits in the absence of evidence supporting the conclusion that his condition has changed such that he is no longer totally disabled, and (4) award him attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 1132(g). *Id.* at 5.

On January 17, 2023, Graphic filed its first motion to dismiss for failure to state a claim. [doc. #3]. Therein, it argues that Carter fails to allege facts necessary to state a plausible ERISA claim. *Id.* at 6–7.

On February 8, 2023, with the Court's leave, Carter filed an Amended Complaint in response to Graphic's first motion to dismiss. [doc. #13]. Therein, Carter appears to allege additional claims. *Id.* He also attaches a copy of the Plan. *Id.*

On February 22, 2023, Graphic filed its second motion to dismiss for failure to state a claim. [doc. #14]. Graphic advances five arguments for dismissal: (1) Carter fails to state an ERISA denial-of-benefits claim; (2) he fails to state an ERISA statutory penalties claim; (3) he fails to state an ERISA breach of fiduciary duty claim; (4) he fails to state a claim for attorney's fees under ERISA; and (5) his state law claims are preempted by ERISA. *Id.*

On March 7, 2023, Carter filed his opposition. [doc. #16]. Therein, he argues that he plausibly alleges that (1) he has not been paid any retirement benefits under the Plan; (2) the Plan summary shows the retirement benefit that he should receive; (3) the Plan awards penalties of $110 per day for denial of benefits; (4) that he exhausted his administrative remedies; and (5) Graphic denied benefits arbitrarily and capriciously despite evidence and knowledge that Carter was entitled to benefits. *Id.* at 10–11.

On March 14, 2023, Graphic filed its reply. [doc. #17]. Therein, it reiterates its argument that Carter's amended complaint is legally insufficient to state a plausible claim and that Carter misconstrues the pleading standard for ERISA benefit claims. *Id.* Graphic also argues that Carter does not provide any factual basis to support his claim for penalties for denial of benefits. Finally, Graphic argues that Carter failed to respond to its arguments as to his fiduciary breach claim, attorney's fees claim, and state law claim. *Id.*

Briefing is complete. This matter is ripe.

## Discussion

I.  *Legal Standard*

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief, inter alia, when it contains a "short and plain statement . . . showing that the pleader is

entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed. R. Civ. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 663. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 663. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).

"The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 F. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and

4

the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl.*, 550 U.S. at 555).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 320 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice"—including public records. *Dorsey*, 540 F.3d at 338; *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (proper to take judicial notice of matters of public record).

II.   Analysis

Carter does not allege the specific ERISA provisions under which he seeks relief. However, in its motion to dismiss, Graphic construes Carter's amended complaint as asserting the following claims: (1) denial of benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); (2) disclosure penalties under ERISA; (3) breach of fiduciary duty under ERISA Section 502(a)(3); (4) attorney's fees under ERISA; and (5) state law claims for conversion,

5

negligence, and breach of contract. [doc. #14-1]. Carter does not appear to contest Graphic's characterization of his claims. [doc. #16]. The Court will consider each claim accordingly.

    A. *Denial of Benefits*

Title 29, United States Code, Section 1132 provides that "a civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"

In his amended complaint, Carter alleges that Graphic "wrongly and arbitrarily" denied his claims for retirement benefits under the Plan; he seeks judgment "requiring Graphic to pay . . . all benefits due under the Plan, commencing with the first day such benefits were due and continuing through the date of judgment." [doc. #13, pp. 5–6].

Graphic contends that Carter's amended complaint fails to identify the specific provisions of the Plan that were breached. [doc. #14-1, p. 7]. In response, Carter argues that his complaint provides adequate notice and information for Graphic to defend against the claim. [doc. #16, pp. 10–12]. Carter also points out that Graphic controls the Plan; thus, it should be on adequate notice as to the relevant provisions. *Id.* at 11.

"Benefits payable under an ERISA plan are limited to the benefits specified in the plan." *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co., Inc.*, No. 11–CV–2205–D, 2012 WL 5868249, at *2–3 (N.D. Tex. Nov. 20, 2012) (quoting *Clair v. Harris Trust & Sav. Bank*, 190 F.3d 495, 497 (7th Cir. 1999)) (internal quotation marks omitted). "A plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Id.* (quoting *Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 130 (D.D.C. Sept. 16, 2005)) (internal quotation marks omitted); *see also Simon v. Express Scripts, Inc.*, No. 6:13-cv-00187, 2014 WL

358706, at *3 (W.D. La. Jan. 31, 2014) ("Although the Fifth Circuit has not articulated a requirement that a person bringing an ERISA claim must identify the specific plan provision that confers the benefit in question, district courts in this circuit have done so . . . .") (citing *Paragon*, 2012 WL 5868249, at *3).

Upon review of Carter's amended complaint, he has clearly alleged that he did not receive the payment he expected under the Plan. He does not, however, allege which specific plan provisions confer benefits, nor which specific provisions that Graphic violated. "Without information as to the terms and provisions of the plan documents, the complaint fails to state a claim upon which relief can be granted." *Paragon*, 2012 WL 5868249, at *2 (quoting *Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, Civ. No. 11-2775, 2012 WL 762498, at *13 (D. N.J. Mar. 6, 2012)) (internal quotation marks omitted). Thus, as alleged, Carter's amended complaint fails to state a claim for denial of benefits. *See Windmill Wellness Ranch, LLC v. Blue Cross and Blue Shield of Texas*, No. SA-19-cv-01211-OLG, 2020 WL 7017739, at *5 (W.D. Tex. Apr. 22, 2020) (Plaintiff failed to identify the terms or provisions of the ERISA-governed policies that defendant allegedly violated); *Simon*, 2014 WL 358706, at *3 (The plaintiff does not identify the plan provision that . . . entitle[s] her to . . . benefits. Accordingly, [she] has failed to provide the type of specificity necessary to assert a cognizable ERISA claim.").

The undersigned recognizes that Carter attached the Plan to his amended complaint. However, "it is not the Court's responsibility to comb through pages of unexplained exhibits in search of facts or claims that are not spelled out in the body of the amended complaint, and Plaintiff may not rely on a bulk of attachments to state a legal claim." *Adams v. Lumpkin*, No. 6:21-cv-196, 2021 WL 10917430, at *1 (E.D. Tex. May 24, 2021); *see also Vizcayno v. Michael Unit*, No. 6:18CV440, 2020 WL 5536504, at *11 (E.D. Tex. July 26, 2020), *R&R* adopted, No. 6:18CV440,

2020 WL 5534579 (E.D. Tex. Sept. 14, 2020) ("The Court is not required to search through the amended complaint(s) and any exhibits in order to glean a clear and succinct statement of each claim for relief. Instead, it is the responsibility of the Plaintiff to edit and organize his claims and supporting allegations into a manageable format.").

The undersigned also observes that Carter must plausibly plead that Graphic acted arbitrarily and capriciously in denying payment. *See Paragon*, 2012 WL 5868249, at *2 (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) ("arbitrary and capricious" standard of review applies where administrator of ERISA plan has discretionary authority to determine eligibility for benefits or to construe the terms of the plan)). Carter cannot plausibly plead that Graphic acted arbitrarily and capriciously under the Plan without identifying the plan provisions on which he relies. *See id.* Because he fails to do so, his denial of benefits claim should be dismissed.

B. *Disclosure Penalties*

ERISA imposes disclosure obligations on plan administrators to ensure that the individual participant knows exactly where he or she stands with respect to the plan. *Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 617 (W.D. Tex. Sept. 27, 2013) (quotation omitted); *see also Kujanek v. Houston Poly Bag I, Ltd.*, 658 F.3d 483, 489 (5th Cir. 2011). Title 29, United States Code, Section 1132(c)(1)(B) provides that "any administrator . . . who fails or refuses to comply with a request for information which such administrator is required by this subchapter to furnish to a [participant] . . . may in the court's discretion be personally liable to such [participant] in the amount of up to [$110] a day from the date of such failure or refusal."

In his Amended Complaint, Carter alleges that Graphic "made false representations concerning the contract as set forth in the plan summary." [doc. #13, p. 3–4]. As such, Carter argues that he should be paid "penalties" under the Plan, in the amount of $110 per day. *Id.*

In its opposition, Graphic argues that Carter premises his entitlement to penalties on his denial of benefits claim, which is conclusory. [doc. #14-1, p. 10–11]. Graphic also argues that penalties are not available under ERISA as a remedy for denial of benefits. *Id.*

The undersigned finds that Carter does not plausibly plead a claim for ERISA penalties. The Amended Complaint contains no facts alleging that Carter made a request for information relative to the Plan, that the information requested was of the type that ERISA requires a plan administrator to supply, nor that Graphic failed to supply the information within 30 days of the request. *See Hendrix v. Prudential Ins. Co.*, 697 F. App'x 806, 808 (5th Cir. 2017) (affirming dismissal of penalties claim where plaintiff failed to allege that she requested documents from plan administrative committee); *Brown*, 975 F. Supp. 2d at 619–20 (dismissing disclosure claim where plaintiff failed to plead factual matter regarding request for plan information); *González–Ríos v. Hewlett Packard P.R. Co.*, 899 F. Supp. 2d 155, 165–66 (D.P.R. Sept. 30, 2012) (dismissing disclosure claim where plaintiff failed to plead specific dates that he requested plan documents). Accordingly, Carter fails to plausibly plead a claim for disclosure violations under Section 1132(c).[1]

---

[1] The undersigned acknowledges that 29 U.S.C. §§ 1022(a) and 1024(b) impose additional disclosure requirements that may be relevant here given Carter's allegations that Graphic made false allegations concerning the plan summary. However, as pled, the Amended Complaint does not contain sufficient factual matter to plausibly allege those claims, if intended.

C. *Breach of Fiduciary Duty*

Carter appears to allege a claim for breach of fiduciary duty under ERISA Section 502(a)(3). [doc. #13, p. 4]. Graphic argues that this claim should be dismissed because a plaintiff may not assert a claim for alternative relief under Section 502(a)(3) where another ERISA provision provides an adequate remedy. [doc. #14-1, pp. 11–12].

The undersigned agrees with Graphic. The Fifth Circuit has held that when ERISA provides a "direct mechanism" to address the injury for which a plaintiff seeks relief, the plaintiff cannot assert a separate ERISA claim for breach of fiduciary duty. *Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 812 (5th Cir. 2017) (citing *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998)). Section 1132(a)(1) provides a direct mechanism for plaintiffs seeking unpaid benefits. *See Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014); *see also Gilmour v. Grantor Trusts of Victory Parent Co., LLC v. Aetna Health, Inc.*, No. SA-17-cv-00510-FB, 2018 WL 1887296, at *11 (W.D. Tex. Jan. 19, 2018). Therefore, because Carter seeks relief for unpaid benefits under Section 1132(a)(1), he may not assert a separate ERISA claim for breach of fiduciary duty. Accordingly, this claim should be dismissed.

D. *Attorney's Fees*

Carter asserts a claim for attorney's fees under the Plan. [doc. #13, p. 5]. In his amended complaint, Carter alleges that graphic "denied any and all claims for attorney fees and penalties for non-payment of benefits provided by the contract . . . ." *Id.* at 3. Thus, he appears to allege that the Plan itself entitles him to attorney's fees for costs incurred during the administrative claims and appeals process. Carter also seeks attorney's fees under 29 U.S.C. § 1132(g) for expenses incurred in bringing the instant suit. *Id.* at 5.

"Attorneys fees incurred during the [ERISA] administrative process are not recoverable." *Taylor v. Washington Mut. Inc.*, No. 3:04-cv-0521, 2015 WL 5024508, at *6 (W.D. La. Aug. 24, 2015) (quoting *Payne v. Hartford Life & Accident Ins. Co.*, No. 07-0232, 2008 WL 383384 (W.D. La. Aug. 14, 2008)) (internal quotation marks omitted). Thus, Carter cannot recover attorney's fees incurred during the administrative claims and appeals process. To the extent that he seeks attorney's fees incurred in bringing the instant action, his claim should be dismissed, as the undersigned has recommended dismissal of Carter's underlying ERISA claims.

E. State Law Claims

Carter asserts alternative state law claims for conversion, negligence, and breach of contract. [doc. #13, p. 4]. Graphic argues that ERISA preempts these claims. [doc. #14-1, pp. 13–14]. Specifically, Graphic contends that preemption under ERISA § 514(a), known as "conflict preemption" requires dismissal of Carter's state law claims. *Id.*

Conflict preemption under ERISA § 514 requires the Court to determine whether the Plan is governed by ERISA and, if it is, whether Carter's state law claims "relate to" the Plan. *See Woods v. Tex. Aggregates, LLC*, 459 F.3d 600, 602 (5th Cir. 2006). Because ERISA preemption is an affirmative defense, the defendant bears the burden of proof on all elements. *Bank of La. v. Aetna U.S. Healthcare, Inc.*, 468 F.3d 237, 242 (5th Cir. 2006). If the defendant successfully shows conflict preemption, the Court should dismiss the state law claims. *See Cardona v. Life Ins. Co. of N. Am.*, 09-CV-0833, 2009 WL 3199217, at *4 (N.D. Tex. Oct. 7, 2009).

Here, there is no dispute that the Plan is governed by ERISA; accordingly, the Court will consider whether the state law claims relate to the Plan. *See Woods*, 459 F.3d at 602 (proceeding to second prong where first prong was not disputed).

Whether state law claims "relate" to the plan involves a two-part inquiry: (1) whether the state law claims address areas of federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities—that is, the employer, the plan and its fiduciaries, and the participants and their beneficiaries. *Woods*, 459 F.3d at 602; *see also Mem. Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990).

1. *State Law Claims Address an Area of Federal Concern*

First, Carter's claims address an area of federal concern. Although all three claims he has asserted are recognized under general state law, that fact alone does not render them unrelated to the Plan. *See Christopher v. Mobil Oil Corp.*, 95 F.2d 1209, 1218–19 (5th Cir. 1992) ("[P]reempted state law includes any state law cause of action as it related to an employee benefit plan, even if it arises under a general law which in and of itself has no connection to employee benefit plans."). ERISA preemption "is not limited to state laws specifically designed to affect employee benefit plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987) (internal citations and quotations omitted). Rather, it need only "[have] a connection with or reference . . . such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).

Carter alleges three state law claims, all of which are rooted in Graphic's alleged failure to pay benefits. First, Carter alleges conversion based on "Graphic's refusal to pay" benefits. [doc. #13, p. 5]. Second, Carter alleges a negligence claim based on Graphic's "administration of the Plan," which caused him "undue worry and mental anguish." *Id.* Third, Carter alleges that Graphic breached a collective bargaining agreement that provided retirement benefits under the Plan. *Id.* Thus, as all three claims concern the right to receive benefits under an ERISA plan, they are preempted by ERISA Section 541(a). *See Pilot*, 481 U.S. at 48 (finding that state law breach of

contract claim was preempted under ERISA § 514(a) because Plaintiff "alleged improper processing of a claim for benefits under an employee benefit plan").

   2. *Claims Directly Affect the Relationship Among ERISA Entities*

Second, these claims directly affect the relationship between the employer, the plan and its fiduciaries, and the participants and their beneficiaries. Carter is the beneficiary under the Plan, and Graphic is the administrator of the Plan. The Fifth Circuit has explained that it is not enough for the parties to hold these roles in the abstract; rather, each party must fit that role with respect to the state law claims at issue. *See Bank of La.*, 468 F.3d at 244. Here, Carter asserts his role as the beneficiary against Graphic as administrator. Accordingly, Carter's state law claims directly affect the relationship between ERISA entities. Therefore, the conflict preemption elements are satisfied, and Carter's state law claims should be dismissed.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Graphic's motion to dismiss for failure to state a claim [doc. #14], be **GRANTED** and Carter's claims against it be **DISMISSED WITH PREJUDICE**.[2]

**IT IS FURTHER RECOMMENDED** that Graphic's motion to dismiss for failure to state a claim [doc. #3], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection

---

[2] Of course, if Carter believes that he may cure the pleading deficiencies outlined herein, then, within the objections period described below, he may file a motion for leave to amend along with a proposed amended complaint.

or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 31st day of May, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE